FILED
2020 Nov-16 PM 01:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**CHARITA M. CARTHEN,**

    Plaintiff,

vs.                      Case No: 5:20-cv-1812-LCB

**CITY OF HUNTSVILLE,**
**a/k/a THE CITY OF**
**HUNTSVILLE,**

    Defendant.

## COMPLAINT

1. This action seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney's fees for race discrimination, and retaliation suffered by plaintiff while seeking re-employment with the City of Huntsville.

## JURISDICTION

2. Jurisdiction is appropriate pursuant to 28 U.S.C. §§1331 and 1343, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, Plaintiff filed charges of race discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on June 16, 2021, within 180 days of the most recent discriminatory action. (Complaint Exhibit 1). Plaintiff has exhausted the administrative processes available with regard to her claims. All administrative procedures available to the plaintiff have been pursued without adequate or effective remedy against defendant for defendant's actions, and Mrs. Carthen has received her "Right to Sue" letter from the EEOC. (Complaint Exhibit 2). The EEOC mailed the notice on August 18, 2020, and Mrs. Carthen received the notice on or about August 21, 2020.

1

## VENUE

3. Venue is appropriate in this court pursuant to 28 U.S.C. §1391(b) and pursuant to 42 U.S.C. § 2000e-5(f)(3) *et seq.*

## PARTIES

4. Charita M. Carthen ("Carthen") is an adult African-American female. She was formerly a resident of Madison County, Alabama, and an employee of the City of Huntsville, Alabama, until she tendered her resignation on June 21, 2019. In December of 2019, Carthen applied for another position with the City of Huntsville. Carthen received her pre-screen phone interview on January 3, 2020, after which she was neither selected for an in-person interview, or the position advertised. Carthen is now a resident of Kennesaw, Georgia.

5. Defendant City of Huntsville, a/k/a The City of Huntsville ("City of Huntsville"), is, and has been at all times relevant to this complaint, a municipal corporation situated in Madison County, Alabama, organized under the laws of Alabama, and doing business in Madison County, Alabama, and was the former employer, and prospective employer of Carthen as set forth in this Complaint.

## STATEMENT OF THE FACTS

6. The required education level for Secretary II is a high school diploma. Carthen has a Master's Degree. Carthen and another African-American (also with an advanced degree) performed duties required by higher pay grades, as well as their own duties. Upon hire Carthen requested a pay negotiation but she was denied that request. Carthen complained to Council Member Devyn Keith (African-American), and the Council Member agreed that Carthen was underpaid. Carthen was advised to present a proposal for reopening and applying for the position of Administrative Aide at a higher level that would include and compensate for the extra duties that Carthen was performing.

2

7. Subsequently Councilman Keith informed Carthen that Council Member Jennie Robinson (Caucasian) had become involved when she was informed that Carthen's position would be reopened, and Robinson expressed that she felt the position should also be opened to other candidates. Robinson expressed that the position should be specifically opened to individuals with experience working with city Boards, and further indicated that Robinson had a specific candidate in mind. Due to Carthen's expectation that there was already an internal selection, Mrs. Carthen did not apply for the new position. However, in the same conversation with Council Member Devyn Keith, Keith advised Carthen that she would receive a raise to a "Grade 13 Step+." Councilman Keith also stated that if the pay was not enough, Carthen could look for a new position elsewhere and that she would receive a favorable reference. Five months later, Carthen had not received her raise, and she then tendered her resignation on June 21, 2019.

8. Shortly following Carthen's resignation, Kathy Rooker (Caucasian) was an external candidate that was hired for the position that Carthen had previously requested for audit and pay increase. Rooker was the acquaintance of Council Member Robinson that Council Member Robinson had in mind for the position that Carthen had requested for audit. The City of Huntsville hired both Rooker and another Caucasian female at significantly higher pay rates than Carthen had enjoyed.

9. Robinson influenced the pay rates of Carthen, and also the pay rates of the two Caucasian females who were hired subsequent to Carthen's resignation.

10. Carthen's former African-American coworker, who worked in the same department as Carthen and the two new Caucasian hires, resigned her position in November of 2019 for a better paying position, as she was paid at the same rate as Carthen, not the elevated rates of the new Caucasian hires.

11. Carthen applied for her former co-worker's vacant position (Secretary II) in December of 2019. Carthen received a pre-screen phone interview on January

3

3, 2020, from Kathy Rooker, Carthen's replacement. In the telephone interview, Rooker asked Carthen to let her know if Carthen decided to withdraw he application. Carthen did not withdraw her application, but Carthen was subsequently not interviewed in-person, and she did not receive the position, despite Carthen's successful prior employment record, and the position being one in which Carthen had demonstrated a high level of performance.

12. Due to the willful and unlawful discrimination, retaliation, and unfair treatment practiced by the City of Huntsville, Carthen has suffered and continues to suffer loss of income, promotions, job assignments, training, and fringe benefits which would have accrued to her, and further, plaintiff has suffered and continues to suffer emotional distress, mental anguish, and humiliation.

## COUNT I
## RACE DISCRIMINATION

13. Plaintiff realleges and adopts paragraphs "1" through "12" as if fully set out herein.

14. By reason of each and every act alleged in paragraphs "1" through "12", any pattern, practice, custom, and usage of which said acts are a part, Plaintiff, because of her race, African-American, was denied employment because of her race, African-American.

15. By refusing to hire plaintiff because of her race, defendant has violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.

16. Plaintiff has suffered, and will continue to suffer, irreparable injury from the defendant's continuing policies and practices as set forth in this Complaint.

17. Defendant acted with neglect, malice, and/or reckless disregard to plaintiff's civil rights.

4

18. Plaintiff is entitled to injunctive relief, compensatory, and punitive damages for defendant's violations of her rights as guaranteed by Title VII and also Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981.

### COUNT II
### Retaliation

19. Plaintiff incorporates, as if realleged, paragraphs 1 through 20.

20. By retaliating against plaintiff for exercising her federally protected rights, defendant has violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

21. **WHEREFORE**, plaintiff prays that this court:

(a) declare the City of Huntsville's conduct to be in violation of plaintiff's federally protected rights;

(b) enjoin the City of Huntsville from engaging in such conduct;

(c) order the City of Huntsville to award the plaintiff the advertised position;

(d) award plaintiff back pay, front-pay, and pre-judgment interest;

(e) award plaintiff compensatory damages for her emotional distress, mental anguish, and humiliation;

(f) award plaintiff costs, expert witness fees, and attorney's fees pursuant to § 706(k) of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(k);

(g) award plaintiff punitive damages;

(h) grant such other relief as this court may deem

just and proper.

Respectfully submitted this 16th day of November, 2020.

_____
JOHN R. CAMPBELL
Ala. ASB-8555-C64J
Attorney for the Plaintiff
229 East Side Square
Huntsville, Alabama 35801
Office.: (256) 534-0407
Facsimile: (256) 715-7669
Email: jrc@jrc-law.net


**Plaintiff demands trial by jury.**

_____
JOHN R. CAMPBELL
Ala. ASB-8555-C64J
Attorney for the Plaintiff

6

**EXHIBIT "1"**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>420-2020-02078 |
|---|---|---|

_____null_____ and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MRS. CHARITA M CARTHEN | (256) 361-5458 | |

Street Address — City, State and ZIP Code
1510 ANNA RUBY LANE NW, KENNESAW, GA 30152

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| CITY OF HUNTSVILLE, ALABAMA - CITY COUNCIL | 501+ | (256) 427-5240 |

Street Address — City, State and ZIP Code
308 FOUNTAIN CIR. SW, HUNTSVILLE, AL 35801

| Name | No. Employees, Members | Phone No. |
|---|---|---|
|  |  |  |

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-03-2020   Latest: 01-03-2020
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In short: The required education level for Secretary II is a High School Diploma. I have an advanced degree (Masters). Myself and another African-American (also with an advanced degree) performed duties required of higher pay grades, as well as our own duties. Upon hire I requested a pay negotiation but was denied. I complained to and was advised by (now) Council President Devyn Keith (African-American) that he also believed I should be compensated at a higher rate due to my education level and duties. I was informed to present a proposal for reopening and applying to the position (Administration Aide) at a higher level to perform the excess duties and was advised Council members would be consulted. There was feedback from Devyn Keith that Council Member Jennie Robinson (Caucasian) felt the job should be opened for anyone to apply, specifically one who has experience with the city Boards and she had someone in mind. There were only a handful of people in the city that worked on the boards (for decades), including myself who had worked on them well over one year. However, the process for which hiring may occur is open internally first only. Therefore I did not apply for this position, as Keith specifically stated that Robinson had someone in mind and led me to believe it would be an internal selection and that the candidate was already in place. Mr. Keith then, in the same conversation informed

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Charita Carthen on 06-16-2020 10:21 AM EDT

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

| EEOC Form 5 (11/09) | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>420-2020-02078 |
| null | | and EEOC |
| *State or local Agency, if any* | | |

me that the Council would raise my position's salary to a Grade 13 Step+ instead, or I could look for employment elsewhere and a letter of recommendation would be provided. Five months later I did not receive a raise so I tenured my resignation in good standing on June 21, 2019. Kathy Rooker, a White individual and friend of Jennie Robinson was an external candidate hired for the position shortly after I resigned. The Council hired 2 new white women, to include Kathy Rooker, at significantly higher pay and additionally voted for pay raises for themselves, increasing their departmental budget by $70k. I was replaced by a White woman with less education that was paid at a higher starting rate than I was being paid upon my departure. I was advised internally that Jennie Robinson set their pay rate with HR just as she had done with my pay upon hire. My coworker (mentioned above-African American female) resigned for a better paying position elsewhere in November of 2019 as we both were paid at the same rate, although her pay was never adjusted when the two white women arrived. I applied for her position (Secretary II) in December 2019. I received a pre-screen phone interview call on January 3, 2020 from Kathy Rooker. Despite having held the position of Secretary II previously, I was not selected for an in-person interview, or the position. The candidate selected was of an unknown (non-white) race, but male, who I believe to be a recent college graduate.

Send to Charging Party for Review

Save

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Charita Carthen on 06-16-2020 10:21 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EXHIBIT "2"

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Charita M. Carthen**<br>**1510 Anna Ruby Lane NW**<br>**Kennesaw, GA 30152** | From: **Birmingham District Office**<br>**Ridge Park Place**<br>**1130 22nd Street South**<br>**Birmingham, AL 35205** |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2020-02078 | **MICHAEL G. ALBERT,**<br>Investigator | (205) 651-7043 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_(signed)_ FOR     **AUG 1 8 2020**

Enclosures(s)     **BRADLEY A. ANDERSON,**<br>District Director     *(Date Mailed)*

cc:     **CITY OF HUNTSVILLE-CITY COUNCIL**<br>C/o Byron Thomas<br>HR Director<br>308 Fountain Circle SW<br>Huntsville, AL 35801