FILED

2020 Dec-09  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **CHARITA M. CARTHEN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case 5:20-cv-01812-LCB** |
| **THE CITY OF HUNTSVILLE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

## BRIEF IN SUPPORT OF MOTION TO DISMISS

---

Defendant City of Huntsville ("the City") respectfully submits the following brief in support of its Rule 12(b)(6) motion to dismiss the complaint filed by Plaintiff Charita M. Carthen ("Carthen"). In support of this motion, the City states as follows:

### I.      INTRODUCTION

Carthen initiated this lawsuit by filing a complaint in the United States District Court for the Northern District of Alabama on November 16, 2020. (Doc. 1). The complaint attaches a single EEOC Charge filed on June 16, 2020, alleging claims based upon a failure to select Carthen for the position of Secretary II on or about January 3, 2020. (*Id*.). The complaint asserts two distinct claims – one for race discrimination and the other for retaliation – under Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000e *et seq*. (*Id*. at ¶¶ 13-21). Because the complaint is a shotgun pleading, and also totally fails to set out a *plausible* claim of either race discrimination or retaliation upon which relief can be granted, the City has moved to dismiss.

## II.    FACTUAL BACKGROUND

Carthen alleges that she is an African American woman who previously worked as a Secretary II with the City of Huntsville, Alabama. (Doc. 1, at ¶ 4). The complaint alleges that Carthen resigned from her position as a Secretary II with the City on June 21, 2019. (Doc. 1 at ¶¶ 6-7). Her claims, however, do not relate to her apparent resignation on June 21, 2019.[1] Instead, Carthen alleges that in December

---

[1] At least, the City does not *understand* Carthen to be suing it for anything relating to her previous employment ending on June 21, 2019. Carthen certainly failed to exhaust any administrative remedies as to her resignation. Further, Count I states that the City is simply being sued for subsequently "refusing to *hire* plaintiff," not for anything to do with her previous resignation. (Doc. 1, at ¶ 14) (emphasis supplied). That said, Count I also states that Carthen "realleges and adopts paragraphs '1' through '12' as though fully set out herein," and it argues that the discrimination experienced was "by reason of each and every act alleged in paragraphs '1' through '12.'" (Doc. 1, at ¶¶ 12-13). Those previous paragraphs do reference her previous resignation, lending confusion to the question of her claim's origins despite her failure to set out any separate claims in separate counts. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (discussing "Rule 10(b)'s requirement that discrete claims should be plead in separate counts."). Similarly, Count II (labeled "retaliation" without further explanation) "incorporates, as if re-alleged, paragraphs 1 through 20, which includes not only factual allegations but the legal ones from Count I. (*Id*. at ¶ 19). Making matters worse, Count II does not identify any specific retaliatory conduct whatsoever, instead tossing in the entire kitchen sink as support for her conclusion. As this Court is well aware, these characteristics render the complaint a shotgun pleading. "Shotgun pleadings include complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; [and] (2) do not re-allege all the proceeding counts but are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Sarhan v. Miami Dade Coll*., 800 F. App'x 769, 771 (11th Cir. 2020) (internal quotations omitted). Fashioning a complaint in this manner – as Carthen has done here – renders it "it is virtually impossible to know which allegations of fact are intended to support which

of 2019 she applied for *another* Secretary II position that became available with the City. (*Id*. at ¶ 11).

Carthen alleges that on January 3, 2020, she received a "pre-screen" interview. (*Id*.). She alleges that, during this interview, she was asked "if [she] decided to withdraw he[r] application." (*Id*.). Carthen alleges that she did not withdraw her application, "but Carthen was subsequently not interviewed in-person, and she did not receive the position . . . despite Carthen's successful prior employment record." While Carthen alleges in conclusory fashion that she was qualified, she also concedes that she had just resigned the same position several months earlier, and she utterly fails to allege anything about the qualifications – or even the race – of the successful candidate. (*Id*). The only information apparent about her comparator comes from Carthen's statement in her attached EEOC Charge of Discrimination, where she states that "[t]he candidate selected was of an ***unknown (non-white) race***." (Doc. 1 at Ex. 1, p. 2) (emphasis supplied); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss.").

---

claims for relief." *Anderson v. District Bd. of Trustees of Cent. Fla. Comm. College*, 77 F.3d 364, 366 (11th Cir. 1996); *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."). Accordingly, in addition to its other arguments, the City has moved to dismiss this complaint as a shotgun pleading.

Carthen nowhere alleges the identity of the decisionmaker within the City of Huntsville who decided not to select her for the Secretary II position, nor does she allege the reasons she was not selected, other than to conclude in the most conclusory manner possible that her non-selection was "due to the willful and unlawful discrimination, retaliation, and unfair treatment practiced by the City." (*Id*. at ¶ 12). As for the origin of the alleged retaliation, the reader is left with nothing but questions. The complaint does not identify any prior protected activity at all by Carthen, nor does she identify what she contends to be her prior protected activity. As for her claim of race discrimination, Carthen fails to allege how it is that she believes she was discriminated against on the basis of her race when she does not even know, much less allege, the race of the successful candidate.

## III.   LEGAL STANDARD

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Where a pleading fails to meet this standard, a defendant may seek to have it dismissed. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). If a court can only infer "the mere possibility of misconduct" from the complaint, the plaintiff has not "nudged [his] claims . . . across the line from conceivable to plausible" to show an entitlement to relief and the complaint is due to be dismissed. *Iqbal,* 556 U.S. at 679-80.

## IV.   ARGUMENT

Carthen's claim of race discrimination and her separate claim of retaliation must be dismissed for failure to state a claim. As noted in footnote 1 above, Carthen's complaint is a classic "shotgun pleading" which makes it difficult to discern the factual and legal basis for her claims – reason enough to dismiss it. But even setting aside the shotgun nature of the complaint, Carthen simply has not alleged *plausible* claims of either race discrimination or retaliation. Although there are plenty of legal conclusions in the complaint, these conclusions lack the sort of "factual enhancement" necessary to set out an actionable claim. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Indeed, the allegations in this case are so thin that plaintiff does not even successfully make out a simple *prima facie* case of either discrimination or retaliation. As a result, the complaint must be dismissed.

**A.     Carthen Has Failed to Adequately Allege a Claim of Race Discrimination**

Where, as here, the plaintiff seeks to show race discrimination based on circumstantial evidence, the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), is applied. The guiding principle under *McDonnell Douglas* is that "[i]n order to establish a *prima face* case, a Title VII plaintiff must make an initial showing that is sufficient to raise an inference of discrimination." Williams v. CSX Transp., Inc., No. 2:13-CV-01557-RDP, 2015 WL 1395922, at *9 (N.D. Ala. Mar. 25, 2015); *see also Brooks v. Cty. Comm'n of Jefferson Cty., Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006) ("Under the *McDonnell Douglas* framework, a plaintiff first must show an inference of discriminatory intent, and thus carries the initial burden of establishing a *prima facie* case of discrimination.").

> In a traditional failure-to-hire case, [a plaintiff] establishes a *prima facie* case of disparate treatment by showing that: "(1) [she] was a member of a protected class; (2) [she] applied and was qualified for a position for which the employer was accepting applications; (3) despite [her] qualifications, [she] was not hired; and (4) the position remained open or was filled by another person outside of [her] protected class."

*Pouyeh v. Bascom Palmer Eye Institute,* 613 F. App'x 802, 810 (11th Cir. 2015).

At the motion to dismiss stage, "[a]lthough a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas prima facie* case, it

must provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Pouyeh*, 613 F. A'ppx at 810 (internal quotations and citation omitted). The failure to plausibly allege elements of a *prima facie* case is highly relevant to, if not dispositive of, the question of whether a claim has been adequately stated. *Id.* at 811 (upholding Rule 12(b)(6) dismissal of discrimination complaint where only "two of the four requirements" of a *prima facie* case were well-pleaded); *see also*, *e.g.*, *Borenstein v. Williams Island Prop. Owners Ass'n, Inc*., No. 16-25182-CIV, 2019 WL 1406466, at *3 (S.D. Fla. Mar. 28, 2019) (noting that the Eleventh Circuit has "not even remotely suggest[ed] that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based.") (quoting *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270 (11th Cir. 2004) (dismissing complaint where no non-minority comparators were identified as having received better treatment); *Henderson v. JP Morgan Chase Bank, N.A*., 436 F. App'x 935, 937 (11th Cir. 2011) (noting that "complaints alleging discrimination still must meet the 'plausibility standard' of *Twombly* and *Iqbal*" and dismissing discrimination complaint where plaintiff failed to allege that others outside her protected class were treated differently).

Here, Carthen has failed to allege sufficient factual matter to support even the most fundamental of all elements of a claim of race discrimination: Carthen failed

to allege that she was treated less favorably than a similarly situated person outside her protected class. *See White v. Florida Dep't of Highway Safety & Motor Vehicles*, 343 F. App'x 532, 535 (11th Cir. 2009) ("White's assertion is insufficient to make out a *prima facie* case of discrimination, as he has not identified any non-minority individual who was hired with a background "nearly identical" to his."). Indeed, the complaint includes no facts whatsoever addressing this important element of a *prima facie* case and critical piece of any plausible claim of discrimination. Even looking to Carthen's attached EEOC Charge of Discrimination, it actually asserts that the position was filled by a "candidate of an ***unknown*** (non-white) race." (Doc. 1 at Ex. 1, p.2). Carthen, of course, is likewise "non-white." Thus, other than articulating the fact that a white person was not hired, Carthen's best evidence is that she *just isn't sure* if the successful candidate's race was different than her own.

Failing to supplement allegations of disparate treatment with a factual detail as crucial "as even a brief description of how the alleged comparator employees were outside of her protected class" renders a complaint insufficient because it "has alleged no facts to support that . . . race . . . played any role in the disparate treatment." *Uppal v. Hospital Corp. of Amer.*, 482 F. App'x 394, 396 (11th Cir. 2012); *see also Chapman v. W. Exp., Inc.*, 815 F. Supp. 2d 1274, 1281 (S.D. Ala. 2011) (finding that a failure-to-hire claim was due to be dismissed "given plaintiff's

lack of information concerning the fourth element of a *prima facie* failure-to-hire claim").

Moreover, other aspects of plausibility that normally would satisfy Carthen's *prima facie* case are missing here as well. Beyond alleging in conclusory fashion that she was qualified for the position, Carthen does not allege that the individual who received the position in question was *not* qualified. In general, "[i]n a qualifications dispute, it is not enough for the plaintiff merely to show that she was better qualified than the person who received the position she sought." *Wesley v. Austal USA, LLC*, 776 F. App'x 638, 644 (11th Cir. 2019). Instead, "regarding a claim involving a failure to hire or promote, '[a] plaintiff must show that the disparities between the successful applicant's and her own qualifications were 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff.'" *Adams v. Fulton Cty., Georgia*, No. 1:08-CV-3451-WSD, 2010 WL 11506015, at *1 (N.D. Ga. Feb. 23, 2010), *aff'd sub nom. Adams v. Fulton Cty., Ga.*, 397 F. App'x 611 (11th Cir. 2010); see also *Manigault v. Comm'r, Soc. Sec. Admin.*, 609 F. App'x 982, 986 (11th Cir. 2015) (same); *Baldwin v. Hyundai Motor Mfg. Alabama, LLC*, No. 208-CV-13-MEF, 2009 WL 973084, at *10 (M.D. Ala. Apr. 10, 2009). This rule applies equally at the pleadings stage. *Pouyeh*, 613 F. App'x at 811 ("Pouyeh failed to provide sufficient factual matter to show he was qualified for the

position. He alleged in conclusory fashion he was qualified . . . but he did not allege the specific qualifications necessary for resident physicians at Bascom Palmer or that he had fulfilled them. Pouyeh's allegation he was qualified for the position amounts to a threadbare recital of an element of his Title VII claim, which the district judge was not obligated to accept as true."); see also *Glover v. Dist. Bd. of Trustees of Palm Beach State College*, Case No. 9:19-CV-80968, 2019 WL 6340087, at * 3 (S.D. Fla. Nov. 27 2019) ("Plaintiff's allegation that he was qualified for all of the positions for which he applied is conclusory. He must allege the qualifications for each position and that he fulfilled those qualifications."). After all, plausible allegations of a qualification disparity are really just another way of establishing some *inference* of discrimination.

Here, there is no plausible allegation whatsoever that Carthen was so much more qualified than the successful candidate "that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff.'" *Adams*, 2010 WL 11506015, at *1, *aff'd*, 397 F. A'ppx. 611. In fact, Carthen actually admits that she had just resigned from the very same position that she was seeking six months prior to re-applying, calling into question whether the City would regard her as a good candidate. More importantly, however, Carthen alleges nothing at all about the candidate selected and whether his or her

qualifications may have been in the ballpark of Carthen's qualifications, as required by case law.[2]

As discussed above, "[a]lthough a plaintiff need not [necessarily] satisfy the *McDonnell Douglas* framework at the pleading stage in order to state a claim for disparate treatment, the 'ordinary rules for assessing the sufficiency of a complaint [still] apply.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). Here, Carthen seeks to rely on "threadbare recitals of the elements of a cause of action" rather than properly allege a *prima facie* case or otherwise establish facial plausibility of her claim. *Iqbal*, 556 U.S. at 678. In short, the race discrimination claim is due to be dismissed because it does not include allegations "adequate to permit an inference of discrimination." *See Reeves v. DSI Sec. Services*, 331 F. App'x 659, 663 (11th Cir. 2009).

### B.    Carthen Has Failed to Adequately Allege Retaliation

In Count II of the complaint, Carthen asserts that the City, "by retaliating against plaintiff for exercising her federally protected rights . . . has violated Title

---

[2] Carthen's attached EEOC Charge does state that the person selected was someone "who I believe to be a recent college graduate." (Doc. 1, at Ex. 1, p. 2). Under controlling case law, "[h]owever, allegations founded on 'information and belief' are not entitled to a presumption of truth at the pleading stage." *Norfolk S. Ry. Co. v. Boatright R.R. Prod., Inc.*, No. 2:17-CV-01787-AKK, 2018 WL 2299249, at *2 (N.D. Ala. May 21, 2018), *on reconsideration in part*, No. 2:17-CV-01787-AKK, 2019 WL 1199836 (N.D. Ala. Mar. 14, 2019) (citing, e.g., Mann v. Palmer, 713 F.3d 1306, 1315 (11th Cir. 2013) (noting that the court does "not have to take as true ... allegations 'upon information and belief'"). Moreover, there is no indication from any of the allegations in the complaint that a certain level of experience was required or preferred for the position in question, or that recent college graduation would be a negative factor for the City in selecting a candidate.

VII of the Civil Rights Act of 1964." (Doc. 1 at ¶ 20). One would certainly expect some further explanation of such a serious claim (*How* did the City retaliate? *For what* did the City retaliate? *What evidence* is there of retaliation?), but none is to be found in the complaint. This simply does not suffice to set out a plausible claim of retaliation under federal law.

To establish a *prima facie* case of retaliation under Title VII, a plaintiff may allege "(1) that [s]he engaged in a statutorily protected activity; (2) that [s]he suffered an adverse employment action; and (3) that there is some causal relation between the two events." *Olmstead v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998). "The causal connection prong requires a plaintiff to show 'that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated.'" *Hill v. Emory Univ.*, 346 F. App'x 390, 396 (11th Cir. 2009) (quoting *McCann v. Tillman*, 526 F.3d 1370, 1376 (11th Cir. 2008), cert. denied, 555 U.S. 944 (2008)). However, Carthen has ***entirely failed*** to allege any facts related to a claim of retaliation. Indeed, Count II includes no factual assertions beyond a legal conclusion that the City has engaged in retaliation. (Doc. 1 at ¶¶ 19-20). While the count incorporates every allegation made in the complaint, no other allegations reference retaliation or otherwise support the necessary elements of a *prima facie* case. As noted previously, "naked assertions devoid of further factual enhancement'" are insufficient to defeat a motion to

dismiss. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Since no factual allegations are made relating to the claim of retaliation, Count II is due to be dismissed.

### 1.   *Carthen Did Not Engage in Any Protected Activity*

One glaringly obvious deficiency in Carthen's complaint is that she totally fails to allege that she ever engaged in any protected activity sufficient to trigger the anti-retaliation protections of Title VII. "Title VII prohibits retaliation 'when an employee 'oppos[es] any practice made an unlawful employment practice by [Title VII]' or 'has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.'" *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010) (alterations in original) (quoting 42 U.S.C. § 2000e-3(a)).

It appears that Carthen may believe that her allegations relating to her previous request for a pay raise – which evidently occurred "five months" prior to her June 21, 2019 resignation (Doc. 1, at Ex. 1, p. 2), and thus, about a year before she was not selected for the job at issue in this case (Doc. 1, at ¶ 4) – suffice to establish protected activity. However, as a matter of law, merely seeking a pay raise is not a protected activity. *See*, *e.g.*, *Caracofe v. Drake Kryterion, Inc*., No. CV-18-02595-PHX-SPL, 2020 WL 122873, at *4 (D. Ariz. Jan. 10, 2020) ("Asking for a promotion or pay increase alone does not constitute a protected activity."); *Coleman v. Home Health Res. Inc*., 269 F. Supp. 3d 935, 942 (D. Ariz. 2017) ("Coleman has pointed

to nothing in the record here indicating she even hinted at discrimination on the basis of any status protected under Title VII or the ADEA. She simply complained to Thomas that other employees had received raises when she had not despite Thomas's insistence that the company had frozen pay. Without communicating that she believed this to be unlawful discrimination, Coleman did not engage in conduct protected under Title VII or the ADEA. ***As a matter of law, asking for a pay raise is not protected activity***.") (emphasis supplied); *cf. Alvarado v. I.G.W.T. Delivery Sys., Inc*., 410 F. Supp. 2d 1272, 1279 (S.D. Fla. 2006) ("The letters signed by the Plaintiffs in February 2005 also fail to meet the elements required for a prima facie case under 29 U.S.C. § 215(a)(3). The letters themselves do not appear to clearly assert rights under the statute in that they make no specific mention of overtime pay or invoke the FLSA."). This principle remains true even where a plaintiff alleges that the request was made after discovering her pay was disparately lower than that of her coworkers. *See*, *e.g.*, *Chan v. Montgomery Cnty. Md*., Civil Action No., 8:12-cv-01735-AW, 2013 WL 1773574, at *3 (D. Md. Apr. 24, 2013).

Other than her reference to seeking a pay raise approximately a year before the alleged adverse action, nothing in the complaint or its attachment sets out a plausible basis for a claim of participation in protected activity. Accordingly, Carthen's retaliation claim should be dismissed for this reason standing alone.

## 2.    *Carthen Also Fails to Allege Causation*

Even if the assertion that she requested a pay raise could be sufficient to satisfy Carthen's obligation to allege protected activity, she has failed to adequately allege that the City's failure to rehire her was *caused* by her participation in this activity – indeed, she has not even alleged the decisionmaker was aware of any prior activity. This missing element of her cause of action is perhaps the most critical of all, because without a basis to draw the inference that the adverse action Carthen experienced was causally related to some prior protected activity, there simply cannot be retaliation.

"[T]o state a claim for retaliation, [a plaintiff] must adequately allege that 'the desire to retaliate was the but-for cause of the challenged employment action." *Ramsey v. Greenbush Logistics*, Inc., CV-3:17-cv-01167-AKK, 2017 WL 6492608, at *5 (N.D. Ala. Dec. 19, 2017) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013)).[3]

> To establish the causal connection element, the plaintiff must demonstrate that 'the decision maker was aware of the protected conduct at the time of the adverse employment action.' *Brungart v. BellSouth Telecomms., Inc*., 231 F.3d 791, 799 (11th Cir.2000). Further, "if there is a substantial delay between the protected [activity] and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law." *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir.2004).

---

[3] Note that while this case discusses employment discrimination claims arising under the ADA, such retaliation claims are assessed under the same framework used for retaliation claims under Title VII. *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1287 (11th Cir. 1997).

*Willis v. Publix Super Markets, Inc*., 619 F. App'x 960, 962 (11th Cir. 2015)

Carthen fails all of the tests for causation. Even assuming her requested pay raise was protected activity (and it was not), the EEOC Charge attached to her complaint makes it clear that this request was made "five months" prior to her June 21, 2019 resignation – which *itself* occurred seven months prior to her "pre-screening" interview for the Secretary II position at issue in this case. (Doc. 1, at Ex. 1, p. 2; see also Doc. 1, at ¶ 4). So, any potential protected activity occurred at least a year prior to the adverse action that she contests in this case. Where a plaintiff is relying upon temporal proximity for causation, "however, the required temporal connection must be 'very close.'" *Id*. (quoting *Clark Cty Sch. Dist. v. Breeden*, 532 U.S. 273 (2001)). A year's gap is certainly not "very close." Indeed, even six months "is not close temporal proximity in the context of a *prima facie* case." *Dark v. Learning Tree, Inc.*, No. 1:13-CV-00584-JEO, 2015 WL 1865432, at *18 (N.D. Ala. Apr. 23, 2015) (citing *Webb-Edwards v. Orange Cty. Sheriff's Office*, 525 F.3d 1013, 1029 (11th Cir. 2008) (holding that six months is too great a temporal gap); see also, e.g., *Thomas v. Cooper Lighting, Inc.,* 506 F.3d 1361, 1364 (11th Cir.2007) (by itself, a three-to-four-month time lapse between protected activity and adverse employment action cannot establish causation).

But not only is there a substantial gap between Carthen's pay raise request and the adverse action, her complaint does not even allege that the decisionmaker

who carried out the adverse action was aware of any prior protected activity by her, much less that the decisionmaker was motivated to take adverse action because of her prior request. *Watkins v. Alabama Dep't of Pub. Health*, No. 2:18-CV-477-MHT-GMB, 2019 WL 922252, at *6 (M.D. Ala. Jan. 22, 2019), R&R adopted, No. 2:18CV477-MHT, 2019 WL 918997 (M.D. Ala. Feb. 25, 2019), *aff'd*, 787 F. App'x 675 (11th Cir. 2019) ("While a complaint need not make out a *prima facie* case of discrimination under Title VII, a plaintiff must plead enough factual matter to suggest retaliation to survive a motion to dismiss. Watkins's complaint, devoid of any allegation suggesting that the decision makers who acted adversely against were at all aware of her engagement in protected activity, fails to meet this burden.")

Indeed, Carthen does not even allege that *anyone* with the City *ever* expressed displeasure at her request for a raise. To the contrary, she alleges that the person with whom she discussed the issue (months or even a year prior to her non-selection in January 2020) expressed *support* and even offered her a favorable reference. (*Id*. at ¶¶ 6-7). Given all of these allegations drawn from Carthen's complaint, there is simply no persuasive or even plausible case to be made that she was retaliated against in violation of Title VII. She has not alleged any facts demonstrating a retaliatory animus, close temporal proximity, or even a tenuous connection between her request and the City's decision. In the absence of such facts, Carthen has merely made a conclusory allegation of retaliation. Thus, Count II is due to be dismissed.

*See Ramsay*, 2017 WL 6492608, at *5 (finding that retaliation claims are due to be dismissed because the plaintiff failed to "provide the court with an adequate basis for drawing an inference that [the defendant] in fact, sought to retaliate against him").

### C.     Carthen Cannot Recover Punitive Damages Against the City

Even if Carthen's claims were not due to be dismissed – which they are – her demand for punitive damages is due to be dismissed. (Doc. 1 at ¶¶ 18, 21). As a matter of law, Title VII precludes recovery of punitive damages against municipalities. *See, e.g., Young v. City of Mobile*, No. CIVA 13-0586-KD-B, 2014 WL 2739422, at *2 (S.D. Ala. June 17, 2014) ("As to his claim pursuant to § 1981 and Title VII, 42 U.S.C. § 1981a(b)(1) precludes an award of punitive damages against a 'government, government agency or political subdivision.'"); *Walters v. City of Atlanta*, 803 F.2d 11135, 1148 (11th Cir. 1986); *Hajhossein v. City of Statesboro*, No., 609CV048, 2010 WL 538209, at *6 (S.D. Ga. Feb. 12, 2010) ("As properly argued by the City, §§ 1981 and 1983, and Title VII do not authorize the recovery of punitive damages against municipalities."). Therefore, Carthen's request for punitive damages is due to be dismissed or stricken from the complaint.

# V.    CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court grant its motion to dismiss all the claims in Plaintiff's complaint or, alternatively, to require re-pleader and to dismiss all requests for punitive damages against the City.

*s/David J. Canupp*
David J. Canupp

*s/Ambria L. Lankford*
Ambria L. Lankford

**LANIER FORD SHAVER & PAYNE, P.C.**
P.O. Box 2087
2101 Clinton Avenue W., Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100
Fax: 256-533-9322
Email: djc@lanierford.com
          aml@lanierford.com

***Attorneys for Defendant City of Huntsville***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 9th day of December, 2020, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification and a copy of such filing to the attorneys of record noted below.  To the extent the attorneys noted below are not registered for electronic filing, they will be served by mailing a copy of the foregoing via U.S. mail, first class postage prepaid.

John R. Campbell
229 East Side Square
Huntsville, Alabama 35801
Phone: 256-534-0407
Fax: 256-715-7669
Email: jrc@jrc-law.net

*s/David J. Canupp*
David J. Canupp