# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **CHARITA M. CARTHEN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | Case 5:20-cv-01812-LCB |
| **THE CITY OF HUNTSVILLE,** | ) | |
| | ) | **UNOPPOSED** |
| **Defendant.** | ) | |
| | ) | |

## MOTION TO STAY DISCOVERY AND TO TEMPORARILY SUSPEND OBLIGATIONS UNDER FED. R. CIV. P. 26 PENDING RULING ON MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant City of Huntsville (the "City") moves the Court to stay the commencement of all discovery in this case, including the requirement that the parties make initial disclosures and to temporarily suspend the parties' obligations under Fed. R. Civ. P. 26, pending the Court's resolution of the motion to dismiss filed contemporaneously with this motion to stay. In support of this motion to stay, the City states as follows:

1.  Undersigned counsel conferred with counsel for Plaintiff by telephone on December 9, 2020 and was informed that he does not oppose this motion to stay.

1

2. Plaintiff's complaint alleges violations of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.,* and 42 U.S.C. §1981 related to the City of Huntsville's decision not to rehire her for a secretarial position. Contemporaneously herewith, the City has filed a motion to dismiss on the grounds that the complaint fails to state a claim upon which relief may be granted.

3. The Eleventh Circuit has uniformly held that "a motion to dismiss for failure to state a claim must be resolved before discovery begins." *See Roman v. Tyco Simplex Grinnell*, 732 F. App'x 813, 815 (11th Cir. 2018) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)) (emphasis supplied). The Eleventh Circuit has repeatedly reaffirmed this principle in recent years, observing that all "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved **before discovery begins**." *Chudasama*, 123 F.3d at 1367 (emphasis added); *see also*, *e.g.*, *Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020); *Bell v. U.S. Bank Nat'l Ass'n*, 793 F. App'x 989, 990 (11th Cir. 2020); *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 772 (11th Cir. 2020); *James v. Hunt*, 761 F. App'x 975, 981 (11th Cir. 2018); *Roman*, 732 F. App'x at 815; *S.B. v. Tenet Healthcare Corp.*, 732 F. App'x 721, 725 (11th Cir. 2018); *Stepanovich v. City of Naples*, 728 F. App'x 891, 903 (11th Cir. 2018); *Lawrence v. Gov'r of Ga.*, 721 F.

App'x 862, 864 (11th Cir. 2018); *Roberts v. FNB S. of Alma, Ga.*, 716 F. App'x 854, 857 (11th Cir. 2017); *Estrada v. Stewart*, 703 F. App'x 755, 761 n.4 (11th Cir. 2017); *Dragash v. Fed. Nat'l Mortg. Ass'n*, 700 F. App'x 939, 946-47 (11th Cir. 2017); *Rivas v. The Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017).

4. District courts in the Eleventh Circuit have been mindful of the Eleventh Circuit's rule in *Chudasama* and its progeny, recognizing that it "remains axiomatic" that stays of discovery should be granted while facial challenges to a complaint are pending. *See, e.g., Hanover Ins. Co. v. BASF Corp.*, No. 2:18-cv-1418-TMP, 2019 WL 220240, at *5 n.7 (N.D. Ala. Jan. 16, 2019) (citing *Chudasama*, 123 F.3d at 1366); *see also, e.g., Lawrence*, 721 F. App'x at 864 (affirming stay of discovery where "the [district] court specifically identified our warnings in *Chudasama*, and heeded them"); *Cook v. Taylor*, 2019 WL 1233853, at *1-2 (M.D. Ala. Mar. 15, 2019) ("The authorities that are binding . . . are those of the Circuit, and those authorities signal that the court should not allow discovery in the face of a pending motion to dismiss that tests the legal sufficiency of the complaint . . . ."); *Hall v. Thomas*, 753 F. Supp. 2d 1113, 1121 & n. 20 (N. D. Ala. 2010) (citing *Chudasama*, 123 F.3d at 1366) ("[I]t appears that the *only* proper course, when presented with a request to stay discovery pending resolution of a motion to dismiss, is to grant the stay.") (emphasis in original); *Weakley v. Eagle*

*Logistics*, No. 3:16-cv-205-HNJ, 2017 WL 4838862, at *1-2 (N.D. Ala. Aug. 10, 2017).

5. Plaintiff is also not entitled to discovery prior to this Court's consideration of the motions to dismiss so as to discover facts to enable her to again re-plead her complaint. Any argument to the contrary has been conclusively foreclosed to Plaintiff by the United States Supreme Court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management . . . ."). Lower courts have, of course, followed the *Iqbal* and *Twombly* decisions on this point. *See, e.g., World Holdings, LLC v. F.R.G.*, 701 F.3d 641, 655 (11th Cir. 2012) (concluding that district court "acted well within its discretion to deny the request of [plaintiff] for discovery" while motion to dismiss was pending); *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (noting that plaintiff is not entitled to discovery to obtain factual detail necessary to allege a maintainable complaint "even when the information needed to establish [the claim] is solely within the purview of the defendant or a third party"); *Hanover Ins. Co.*, 2019 WL 220240, at *5 n.7; *Personal Computer Sys., Inc. v. Cent. Knox, Inc.*, 2012 WL 1108245 at *3 (E.D. Tenn. Mar. 30, 2012) ("[T]he combined effect of *Twombly* and *Iqbal* require plaintiffs to have greater

knowledge of factual details in order to draft a 'plausible' complaint. . . . [T]hat means the plaintiff must allege specific facts to support its claims . . . even if those facts are only within the control of the defendant. The plaintiff may not use the discovery process to obtain these facts after filing suit."); *Russell v. Gardner*, 2012 WL 170887 at *1 (E.D. Tenn. Jan. 18, 2012) ("*Iqbal* specifically directs that **no** discovery may be conducted in order to allow plaintiff to obtain the factual information necessary to plead her claims with facial plausibility even when the information needed to establish her claim is solely within the purview of the defendant or a third party.") (emphasis in original).

6. Finally, the Court's resolution of the pending motion to dismiss will also provide the parties needed guidance in expediting this litigation, in the event that the motion is denied in whole or in part. Until the Court rules upon the motion to dismiss, the City will not be able to accurately frame its answer to the complaint, allege affirmative defenses, assess the potential for settlement, or formulate a comprehensive discovery plan in accordance with Fed. R. Civ. P. 26.

**WHEREFORE**, the City requests that the Court enter a stay of all discovery, including all obligations under Fed. R. Civ. P. 26, pending resolution of the City's motion to dismiss.

*s/David J. Canupp*
David J. Canupp

*s/Ambria L. Lankford*
Ambria L. Lankford

**LANIER FORD SHAVER & PAYNE, P.C.**
P.O. Box 2087
2101 Clinton Avenue W., Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100
Fax: 256-533-9322
Email: djc@lanierford.com
       aml@lanierford.com
*Attorneys for Defendant City of Huntsville*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of December, 2020, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification and a copy of such filing to the attorneys of record noted below. To the extent the attorneys noted below are not registered for electronic filing, they will be served by mailing a copy of the foregoing via U.S. mail, first class postage prepaid.

John R. Campbell
229 East Side Square
Huntsville, Alabama 35801
Phone: 256-534-0407
Fax: 256-715-7669
Email: jrc@jrc-law.net

*s/David J. Canupp*
David J. Canupp